**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

David Shaw

    v.                                                    Civil No. 22-cv-164-SE-AJ
                                                              Opinion No. 2026 DNH 022
Northern New Hampshire
Correctional Facility, Warden

**O R D E R**

Self-represented plaintiff David Shaw petitions for habeas corpus relief under 28 U.S.C. § 2254, arguing that his state convictions were the result of violations of his Fifth, Sixth, and Fourteenth Amendment rights. The warden of the Northern New Hampshire Correctional Facility moves for summary judgment on the grounds that the petition is untimely, Shaw did not exhaust his claims, and the claims lack merit. In response, Shaw contends that he is actually innocent of the crimes of conviction because he was convicted as the result of the ineffective assistance of his trial counsel. For the reasons that follow, the court grants the warden's motion for summary judgment.

Standard of Review

Granting summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A material fact is one that "carries with it the potential to affect the outcome of the suit." French v. Merrill, 15 F.4th 116, 123 (1st Cir. 2021) (quotation omitted). A material fact is in genuine dispute if "a reasonable jury could resolve the point in the favor of the non-moving party." Id. In considering the evidence, the court must draw all reasonable inferences in the

nonmoving party's favor. Theriault v. Genesis HealthCare LLC, 890 F.3d 342, 348 (1st Cir. 2018).[1]


Background

Shaw was indicted in Strafford County, New Hampshire on three counts of aggravated felonious sexual assault and two counts of felonious sexual assault. In March 2018, a jury convicted him on two counts of aggravated felonious sexual assault and one count of felonious sexual assault. He was sentenced to 15 to 40 years in prison with the possibility to have four years of his minimum sentence suspended if he completed the Sexual Offender Program. Doc. no. 3 at 1. Shaw appealed his convictions on the ground that the trial court erred by admitting evidence of a prior bad act. Doc. no. 15-5. On March 6, 2020, the New Hampshire Supreme Court affirmed his convictions. Id.

Representing himself, Shaw filed a § 2254 petition in this court on May 10, 2022. Doc. no. 1. He alleged that the public defender representing him, the prosecutor, and the judge in the state criminal proceeding committed misconduct. Id. at 1. He further alleged that the proceeding was "[an] Evil Corrupt one sided story, Bureaucratic Hoax" and that the jury "already had me guilty before and during trial." Id. The court directed Shaw to refile the petition using the standard form, which he did. Doc. no. 3. The court then ordered Shaw to show cause why his petition should not be dismissed as barred by the statute of limitations. Doc. no. 4. In response, Shaw initially moved to withdraw the petition. Doc. no. 5. The court denied, without prejudice, the motion to withdraw the petition so that Shaw could consider whether the one-year statute of

---

[1] The Federal Rules of Civil Procedure are applicable in § 2254 proceedings to the extent that they are not inconsistent with § 2254 or the § 2254 rules. Rule 12, Rules Governing Section 2254 Cases; Fed. R. Civ. P. 81(a)(4).

limitations governing § 2254 petitions would prevent substantive consideration of his claims in a successive petition. Doc. no. 6. Shaw then filed two responses to the show cause order indicating that he desired to exhaust his state-court remedies. Doc. nos. 7 & 8. The court granted Shaw leave, and an extension of time, to move to stay his petition so that he could exhaust his claims. Doc. no. 9 & End. Or. Apr. 1, 2024.

In the meantime, Shaw filed a petition for a writ of habeas corpus in Coos County Superior Court, dated February 12, 2024. Doc. no. 21-1; Shaw v. N.H. Dep't of Corrs. – N.N.H. Corr. Facility, No. 214-2024-cv-24. His petition raised claims of ineffective assistance of counsel: that his counsel failed to call an expert witness to testify about the effects of the victim's medications on her memory, that his counsel failed to call the victim's psychiatrist to testify about the effect of missed doses of her medications, that his counsel failed to call the victim's father to testify about the victim's different perspective and how that had previously led to miscommunication, and that his counsel asked Shaw about his untruthful testimony in a different court proceeding. Id. He also claimed prosecutorial misconduct based on the prosecutor's statements in closing argument that the victim told the truth. Id.

The Coos County Superior Court granted summary judgment in favor of the respondent on July 10, 2024. Doc. no. 12 at 3-6. In February 2025, Shaw requested a certificate of appealability from the Coos County Superior Court. Doc. no. 13. That court denied Shaw's request on March 12, 2025, because New Hampshire law does not provide for certificates of appealability issued by superior courts. Doc. no. 22-1. Although there was some confusion in this case about whether Shaw appealed the denial of his habeas petition, the record shows that he did not. Shaw affirmatively stated that, as of February 2, 2025, he had not appealed the order. Doc.

no. 12 at 1. Moreover, Shaw did not provide documentation to show that he filed an appeal when he was later invited to do so. See doc. no. 18; End. Or. Aug. 8, 2025.

Shaw's filings in this case to show his efforts to exhaust his claims were initially confusing or incomplete, which caused the court to require him to file additional documents. Doc. nos. 10 & 11. Shaw's responsive filings included additional allegations that further supplemented his claims. Doc. nos. 12 & 13. The court construed these filings as addenda to the petition. With those addenda, the court turned to preliminary review of Shaw's § 2254 petition under Rule 4 of the Rules Governing Section 2254 Cases.

On preliminary review and for service on the warden, the court interpreted Shaw's petition and addenda to assert the following claims for relief:

1.      By not allowing Shaw to testify in his criminal case unless he agreed to answer his trial counsel's questions about uncharged criminal conduct, specifically, a prior unrelated child support proceeding in which Shaw testified falsely under oath, Shaw's trial counsel impermissibly burdened:

   A.      Shaw's Fifth Amendment privilege against compelled self-incrimination; and

   B.      Shaw's Fourteenth Amendment due process right to testify.

2.      Shaw's conviction violated his Sixth Amendment right to the effective assistance of trial counsel, in that:

   A.      By asking Shaw questions regarding a prior, unrelated proceeding where he had not testified truthfully under oath, trial counsel: (i) damaged Shaw's credibility before the jury in his criminal case; (ii) opened the door to further questioning by the State; and (iii) unjustifiably exposed Shaw to liability for an uncharged criminal offense (perjury).

   B.      Trial counsel failed to cross-examine the victim in Shaw's criminal case effectively, in that trial counsel did not make use of: (i) information regarding the victim's multiple psychiatric medications; and (ii) information regarding the victim's therapist's notes, which stated that the victim was manipulative.

C.      Trial counsel failed to engage an expert who could testify as to the effects of the victim's psychiatric medications;

D.      Trial counsel failed to call the victim's therapist to testify that the victim was manipulative or to testify as to therapy notes stating that the victim was manipulative; and

E.      Trial counsel failed to present a defense theory that Shaw preferred, as to which there was evidence.[2]

Doc. no. 14 at 2-3. The warden now moves for summary judgment. Doc. no. 24. Shaw objects. Doc. no. 28.

Discussion

In support of the motion for summary judgment, the warden contends that Shaw's habeas petition is time barred under 18 U.S.C. § 2244(d)(1)(A), that his claims are not exhausted, and that his claims fail on the merits. Shaw responds that his petition is timely because he is claiming actual innocence. He also argues that his ineffective assistance of counsel claim related to his testimony is meritorious. He does not address his other claims on the merits.

I.      Statute of Limitations

As provided by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(d)(1)(A) imposes a one-year limitations period for a state prisoner to file a petition for a writ of habeas corpus under § 2254. Trenkler v. United States, 268 F.3d 16, 22 (1st

---

[2] In his motion for summary judgment, the warden states that it is not clear where Claims 2B, 2D, and 2E are alleged in Shaw's pleadings. That confusion may be due to the warden's focus on the petition and the amended petition as the only sources of Shaw's claims. In consideration of Shaw's pro se status, however, the court considered other documents in the record as addenda to the petition for the purposes of preliminary review and service on the warden. See doc. no. 14 at 1-3.

Cir. 2001). The one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1)(A). When a prisoner does not seek the United States Supreme Court's review of a decision by the state's highest court affirming his conviction, the judgment becomes final at the expiration of the time for seeking such review. Gonzalez v. Thaler, 565 U.S. 134, 150 (2012). Thus, if, as here, a prisoner does not seek a writ of certiorari in the Supreme Court, his conviction becomes final when the 90-day filing period expires. Neverson v. Farquharson, 366 F.3d 32, 36 (1st Cir. 2004); see also U.S. Sup. Ct. Rule 13; Coleman v. Lynds, No. 24-cv-30043, 2025 WL 351897, at *3 (D. Mass. Dec. 8, 2025).

In Shaw's case, the New Hampshire Supreme Court affirmed his conviction on March 6, 2020, and he did not seek a writ of certiorari in the United States Supreme Court. Adding the 90-day filing period to the 365 days in the limitations period, Shaw had 455 days to file a petition for habeas corpus in this court. Consequently, he was required to file by June 4, 2021. Shaw filed the § 2254 petition in this court on May 10, 2022, almost a year after the limitations deadline. Shaw's petition, therefore, was untimely under § 2244(d)(1)(A).

Expiration of this limitations period is tolled while a properly filed application for post-conviction relief is pending. 28 U.S.C. § 2244(d)(2); Holland v. Florida, 560 U.S. 631, 635 (2010). If the limitations period expired before the prisoner applied for post-conviction relief, however, the expired limitations period is neither tolled nor revived by a subsequent filing. Cordle v. Guarino, 428 F.3d 46, 48 n.4 (1st Cir. 2005). Nonetheless, a court may equitably toll the limitations period if a petitioner "shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland, 560 U.S. at 649.

6

Shaw does not contend that equitable tolling applies in his case. Instead, he argues that his petition avoids the bar imposed by statute of limitations under the miscarriage of justice exception recognized in McQuiggin v. Perkins, 569 U.S. 383 (2013) because he is actually innocent of the crimes of conviction. The court did not identify an actual innocence claim during its preliminary review of Shaw's claims. Whether or not the actual innocence claim has been properly raised, Shaw has not met the stringent requirements for that exception to the application of the statute of limitations.

"The Supreme Court established this exception in McQuiggin, holding that a showing of actual innocence can serve as a 'gateway' that allows an otherwise time-barred petition to be considered." McCants v. Alves, 67 F.4th 47, 52 (1st Cir. 2023). "The miscarriage of justice exception[, however,] . . . applies to a severely confined category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" McQuiggin, 569 U.S. at 394-95 (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)). In the context of the miscarriage of justice exception, "actual innocence means factual innocence, not merely legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998) (quotations omitted).

Shaw offers no new evidence to support his actual innocence claim. He argues only that his trial counsel was ineffective and that if she had not asked him "about lying in an unrelated case" during his testimony at trial, no reasonable juror would have convicted him. Doc. no. 28 at 3. Shaw's argument challenges the legal basis of his convictions—whether his convictions were obtained in violation of his Sixth Amendment right to effective assistance of counsel. He provides no evidence or other ground to show that he is actually innocent, that is, that he did not

commit aggravated felonious sexual assault and felonious sexual assault, the crimes of conviction.

In the absence of new evidence, Shaw cannot show a miscarriage of justice. See McQuiggin, 569 U.S. at 401 ("The gateway should open only when a petition presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial . . . ." (quotations omitted)). Therefore, Shaw has not demonstrated that his claims avoid the expiration of the limitations period based on a miscarriage of justice.

Shaw's claims in his § 2254 petition are time barred, and the warden has shown that he is entitled to summary judgment on that ground alone. Even if that were not the case, summary judgment would be appropriate for the other reasons explained below.

II.     Exhaustion

Before bringing a § 2254 petition, a prisoner must exhaust available state court remedies. § 2254(b). Exhaustion requires the petitioner to "fairly present" all claims in state court to alert the courts "to the federal nature of the claim," including through discretionary review to the highest court in the state court system. Baldwin v. Reese, 541 U.S. 27, 29 (2004). A petitioner cannot satisfy the exhaustion requirement by defaulting on a claim and rendering state remedies unavailable under state law. Coleman v. Thompson, 501 U.S. 722, 732 (1991).

For that reason, when a petitioner has defaulted on a claim in state court by not following an "independent and adequate state procedural rule," he must show cause for the default and actual prejudice in order to proceed with that claim in a § 2254 petition. Id. at 750. Alternatively, a petitioner can overcome procedural default by showing a miscarriage of justice due to actual innocence. Schlup, 513 U.S. at 314-15.

Shaw raised a single claim on direct appeal from his convictions, that the trial court erred by admitting evidence of a prior bad act. Doc. no. 15-5 at 1. His habeas petition in this court did not include a claim based on that issue. Doc. no. 14 at 2-3. In his state habeas petition, Shaw raised claims regarding his trial testimony, his trial counsel's failure to engage a psychiatric expert, and his trial counsel's failure to call the victim's therapist as witness. He alleges those claims as Claims 1, 2A, 2C, and 2D in his federal petition.[3] After the court granted summary judgment in the respondent's favor on Shaw's state habeas claims on July 10, 2024, however, he did not file an appeal with the New Hampshire Supreme Court. On February 9, 2025, he filed a request for a certificate of appealability in the state habeas court, Coos County Superior Court. Doc. no. 13. The court denied his request for a certificate of appealability because it was not a document "recognized under New Hampshire statutes, case law, or court rules." Doc. no. 22. The request for a certificate of appealability was not a substitute for filing a notice of appeal and Shaw does not argue that it was. Because Shaw did not appeal the Superior Court's decision granting summary judgment on the habeas claims that Shaw raises in his federal habeas petition, he did not exhaust his available state court remedies. See, e.g., Pratt v. Riendeau, No. 22-CV-247-SM-AJ, 2025 WL 971688, at *3 (D.N.H. Mar. 5, 2025) ("In New Hampshire, a petitioner's state court remedies are exhausted when the New Hampshire Supreme Court . . . has had an opportunity to rule on the claims." (citing Lanigan v. Maloney, 853 F.2d 40, 42 (1st Cir. 1988))), report and recommendation approved sub nom. Pratt v. N. NH Corr. Facility, Warden, No. 22-CV-247-SM, 2025 WL 968785 (D.N.H. Mar. 31, 2025).

---

[3] Shaw also appears to have alleged in his state habeas petition a claim of prosecutorial misconduct and a claim that his counsel was ineffective by failing to call the victim's father as a witness. He did not include those claims in his federal petition.

The time has now passed for Shaw to file an appeal to the New Hampshire Supreme Court regarding the state habeas decision.[4] He also cannot return to state court to begin the state habeas process anew because "the court will summarily dispose of second or successive habeas corpus petitions . . . in the absence of new facts material to the issue." Maggi v. Warden, New Hampshire State Prison, No. 17-CV-253-PB, 2024 WL 5089326, at *9 (D.N.H. Dec. 12, 2024) (quotations omitted). As a result, Shaw has procedurally defaulted the claims in his § 2254 petition. He does not attempt in any way to show cause for the procedural default and provides no grounds to find actual prejudice. Further, for the reasons already stated in the context of the statute of limitations, Shaw cannot overcome the procedural default by showing a miscarriage of justice due to actual innocence. Therefore, Shaw failed to exhaust his claims, and the warden is also entitled to summary judgment on that ground.

III.    Merits

Because Shaw's claims are untimely and unexhausted, the court need not address his claims on the merits. Nevertheless, for the sake of completeness, the court briefly addresses the warden's merits arguments, which it finds persuasive. The warden contends that summary judgment is appropriate because Shaw cannot show that the state court decision in his case is

---

[4] "New Hampshire Supreme Court Rule 7(1)(B) provides that an appeal from a ruling on a petition for post-conviction relief must be filed within thirty days of the notice of decision. See N.H. Sup. Ct. R. 3 (definition of mandatory appeal). Motions for the late entry of an appeal are not favored and are "granted only upon a showing of exceptional circumstances." N.H. Sup. Ct. R. 21(6)." Griffin v. Warden, New Hampshire State Prison for Men, No. 17-cv-714-JD, 2018 WL 4017600, at *1 (D.N.H. Aug. 22, 2018).

"contrary to" or an "unreasonable application of" controlling authority of the United States Supreme Court or was based on "an unreasonable determination of the facts." § 2254(d); doc. no. 24-1 at 15-16.

For the purposes of a petition under § 2254, deferential review applies if the petitioner's claim was adjudicated on the merits by the state court. Miranda v. Kennedy, 125 F.4th 23, 28 (1st Cir. 2025). In that case, this court:

> must defer to the state court determination unless it:
> "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

Id. (quoting § 2254(d)) (further quotations omitted). "When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." Harrington v. Richter, 562 U.S. 86, 99 (2011). If the federal claim was never addressed by the state court, federal review is de novo. Pike v. Guarino, 492 F.3d 61, 67 (1st Cir. 2007).

Shaw's habeas petition in state court included four of the claims he has alleged in this case. The respondent moved for summary judgment based on New Hampshire's ineffective assistance standard and the Sixth Amendment standard. Doc. no. 16-1. The state habeas court granted summary judgment on those claims, and on all of Shaw's claims, citing the analysis provided in the respondent's motion for summary judgment. Doc. no. 12 at 3-6.

Shaw has not shown or even argued that the state habeas court did not adjudicate those claims on the merits. In his objection to the warden's motion, Shaw simply contends that trial counsel's examination of him constitutes ineffective assistance. He does not show or argue that

11

the state habeas court's decision on this issue or any other was contrary to or an unreasonable application of the Sixth Amendment standard provided in Strickland. As for Shaw's new claims, the warden offers a convincing analysis grounded in New Hampshire and federal law to support summary judgment on de novo review. Shaw does not respond. The court concludes that there are no issues of material fact with respect to those claims and the warden is entitled to judgment as a matter of law. Given the untimeliness of Shaw's petition, his failure to exhaust his claims, and the lack of any developed argument on the merits of his claim, no further examination of the merits of the state court decision is necessary or advisable in this case.

Conclusion

For the foregoing reasons, the court grants the warden's motion for summary judgment (doc. no. 24). Because the petitioner has failed to make a "substantial showing of the denial of a constitutional right," the court denies a certificate of appealability. 28 U.S.C. § 2253(c)(2); see Slack v. McDaniel, 529 U.S. 473, 484 (2000). The clerk of court shall enter judgment accordingly and close the case.

SO ORDERED.

_____
Samantha D. Elliott
United States District Judge

Dated: March 16, 2026

cc:    David Shaw, pro se.
       Counsel of record.